# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2018

Lyle W. Cayce
Clerk

No. 17-50644
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE REYNALDO JURADO GUADIAN, also known as Jose Reynaldo Jurado,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CR-2245-1

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Reynaldo Jurado Guadian (Jurado) appeals the 180-month above-guidelines sentence imposed following his guilty plea conviction to conspiracy to possess with intent to distribute more than 100 kilograms of marijuana.  He contends that the district court failed to identify, in accordance with U.S.S.G. § 5K2.0(a), p.s., and 18 U.S.C. § 3553(b), an aggravating circumstance not adequately taken into consideration by the Guidelines when imposing an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50644

upward departure.  Jurado asserts his unreasonable sentence must be vacated because the facts of his case do not warrant an upward departure.

As an initial matter, Jurado is incorrect in referring to his sentence as an upward departure, as it is clear from the record that the district court imposed an upward variance from the guidelines range.  *See United States v. Smith*, 440 F.3d 704, 706-07 (5th Cir. 2006).  Further, as argued by the Government, Jurado's failure to object to the sentence imposed results in the plain error standard of review.  *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).  To demonstrate plain error, Jurado must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

The record reflects that the district court appropriately relied on § 3553(a) factors in determining that an above-guidelines sentence was appropriate, including the seriousness of the offense.  *See* § 3553(a)(2)(A). Thus, the district court's decision to vary 60 months above the mandatory minimum sentence "was reasonable under the totality of the relevant statutory factors."  *Brantley*, 537 F.3d at 349 (internal quotation marks and citation omitted).  Accordingly, Jurado has failed to demonstrate that the 180-month non-guidelines sentence imposed constitutes plain error.  *See Puckett*, 556 U.S. at 135; *Brantley*, 537 F.3d at 349.

AFFIRMED.